IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul W. Driggers,<br><br>    Petitioner,<br><br>v.<br><br>Lewis Winn, Warden, et al.,<br><br>    Respondents.<br>_____ | Case No. CV 10-317-TUC-DCB (JM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Paul W. Driggers filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1)(B) and Local Rule – Civil 72.1(b). Petitioner contends that his confinement is unlawful due to Respondents' failure to properly execute the sentence imposed by the District Court. Because the Petitioner failed to exhaust his administrative remedies and because the claim was not properly filed, the Magistrate Judge recommends that the Petition be dismissed with leave to amend on the appropriate Court-approved form.

**I.  Background**

Petitioner, who was previously incarcerated at FCI Tucson, is currently incarcerated at FCI Seagoville, Texas. He is serving a 120 month sentence from the District of Idaho for Use of Interstate Facilities in Commission of Murder for Hire in violation of 18 U.S.C. § 1958. *Answer*, Ex. 1. The Federal Bureau of Prisons ("BOP") projects that he will be released from custody on April 19, 2015, if he earns all available Good Conduct Time. *Id*., Attachment 2 (Sentence Monitoring Computation Data).

In his Petition, Petitioner indicates that he is challenging the "execution of the sentence." *Petition*, p. 1. He alleges that "[t]he U.S. Bureau of Prisons unilaterally modified the sentence imposed upon Petitioner by the sentencing court." *Id*. His specific complaint

is that the BOP "unlawfully modified the sentence imposed by the District Court to the point where its execution takes the sentence outside of the statutory mandates of 18 U.S.C.S. [§] 3553(A)." *Id.*, p. 4. Petitioner also attached a memorandum to his Petition in which he urges the Court to apply relaxed pleading requirements to his Petition. *Id.*, Attachment (Brief-Memorandum of Points and Authorities Supporting the § 2241 Petition). In terms of relief, Petitioner seeks his immediate release "or an order that the Respondents execute the sentence within the provisions of 18 U.S.C.S. [§] 3553(A)." *Petition*, p. 9.

**II.     Discussion**

      **A.     Petitioner's claim is not exhausted.**

Section 2241 does not specifically require inmates to exhaust their administrative remedies before filing a habeas corpus petition. 28 U.S.C. § 2241; *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004). However, as a "prudential matter," a court may require a federal inmate to exhaust his administrative remedies before seeking relief under section 2241. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). A court may waive the exhaustion requirement where administrative remedies are inadequate, futile, or pursuit of them would cause irreparable harm. *Id.* at 1000-01.

The Bureau of Prisons has established an administrative remedy process to address prisoners' complaints about any aspect of imprisonment. *See* 28 C.F.R. § 542.10 *et seq.*; *Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cri. 1994). The process requires an inmate to proceed through four levels of review: (1) an attempt at informal resolution with institutional staff; (2) a formal written administrative remedy request to the Warden; (3) an appeal to the BOP Regional Director; and (4) an appeal to the BOP General Counsel. 28 C.F.R. §§ 542.13-542.15.

In this case, Respondent alleges that Petitioner failed to exhaust his remedies in relation to his sentencing calculation claim. In his reply, Petitioner argues that the Respondents are being disingenuous in that they should have deduced from the Petition that he was claiming that his sentence violates the § 3553(a)(2)(D) requirement that the sentencing court, in determining the particular sentence to be imposed, shall consider the

1 need "to provide the defendant with needed . . . medical care, or other correctional treatment
2 in the most effective manner . . . ." 18 U.S.C. § 3553(a)(2)(D). Specifically, in the reply he
3 alleges that "Respondent(s) still have not fulfilled the statutory mandates of his [s]entence
4 pursuant to 18 U.S.C. § 3553(a) by providing Petitioner with medically necessary teeth, or
5 denture plates." *Reply*, p. 2. Petitioner also attached to the Reply a copy of an administrative
6 response to his appeal related to dental treatment.

7 Petitioner's arguments are unpersuasive. There is no reason to expect Respondents
8 to divine from the Petition that the claim is related to Petitioner's dental care. There is nary
9 a hint in the Petition that this might be the case. In fact, after reviewing the Petition, the
10 Court found the Respondents' response to be appropriate in that it addressed, to the extent
11 possible, the requirements of § 3553 and how the statute was not violated in relation to
12 Petitioner's sentence. Moreover, given that Petitioner has filed a total of 34 administrative
13 remedies, *Answer*, Exhibit 1, ¶ 4, it is too much to ask that Respondents assume the burden
14 of determining which of the administrative remedies might be associated with the instant
15 action.

16 It was also appropriate for the Respondents to review Petitioner's administrative
17 claims to determine if any had included a claim under § 3553. The review disclosed that
18 Petitioner had not filed any administrative claims challenging the BOP's computation of his
19 sentence. As such, the only claim discernible from the Petition clearly has not been
20 exhausted. However, an entirely different claim– involving his dental care-- was raised in
21 the Petitioner's reply. Although the § 3553 claim has not been exhausted, Respondents did
22 not have any reason to address whether Petitioner has exhausted his administrative remedies
23 in relation to his dental claim. The Court could exercise its discretion and either excuse the
24 faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative
25 remedies before proceeding in court. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). The
26 problem with that course of action is twofold: The first issue is that the dental claim has not
27 been presented on its merits so it cannot be properly evaluated. Second, it is unknown to the
28 Court whether the dental claim has been exhausted. Given this situation, and the fact that the

1  claim, as discussed below, should not have been filed as a habeas action, the Court
2  recommends that the claim be dismissed without prejudice and that Petitioner be allowed
3  thirty days to remedy the deficiencies.

### B. Petitioner's claim is no cognizable under 28 U.S.C. § 2241.

A habeas petition under 28 U.S.C. § 2241 "challenge[s] the manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir.2000). Here, Petitioner is not challenging the manner, location, or conditions of the execution of his sentence. Rather, he is challenging the conditions of his confinement. If this case represented Petitioner's first attempt to bring a claim about his dental treatment under the habeas statutes, the Court would readily excuse Petitioner's error. However, in *Driggers v. United States*, CV 10-144-TUC-DCB (Dist. Az. 2010), Petitioner alleged, as he does here, he was denied appropriate dental care in violation of 28 U.S.C. § 2241. In its screening order, the District Court construed the action as a civil action pursuant *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), and explained:

> If a prisoner is challenging the conditions of his confinement rather than the validity or duration of the confinement, his remedy arises under the civil rights law, not habeas corpus. *See Muhammad v. Close* 540 U.S. 749, 750-751 (2004). If a prisoner seeks civil rights relief by filing a habeas petition, he has mislabeled his case and is entitled to have his action treated as a claim for relief under civil rights law. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974).

CV 10-144-TUC-DCB, Doc. 6, p. 2. The Court dismissed CV 10-144-TUC-DCB without prejudice, but, to aid Petitioner in properly filing his claim, attached filing instructions and a complaint form and granted Petitioner 30 days to file an amended complaint. *Id*., p. 3.

However, rather than filing the amended complaint as ordered, Petitioner elected to immediately appeal the decision to the Ninth Circuit. *Id*., Doc. 10 (Notice of Appeal). On August 11, 2010, the Ninth Circuit dismissed the appeal for lack of jurisdiction and the mandate became effective on November 15, 2010. *Id*., Doc. 19. As of the date of this Report and Recommendation, Petitioner has not filed an amended complaint in CV 10-144-TUC-DCB and the matter has been dismissed.

- 4 -

1  Given that Petitioner's claim in CV 10-144-TUC-DCB was dismissed without prejudice, it was not a decision on the merits and thus lacks preclusive effect. *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001). As such, the claim potentially remains viable despite Petitioner's refusal to file it properly as previously instructed. Because Petitioner was warned of the possibility of dismissal if he failed to file an amended complaint in CV 10-144-TUC-DCB (which involved the same claim he raises here), his recalcitrance might support the outright dismissal of the instant action. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (noncompliance "must be due to willfulness, fault, or bad faith" to support dismissal). However, given that Petitioner has not yet been warned of the possibility of dismissal of this action, the Court will recommend that the District Judge provide Petitioner with a final opportunity to properly file his dental claim in this action.

### III. Recommendation

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review:

1. Construe Petitioner's § 2241 as a civil rights action brought pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971);

2. **Dismiss without prejudice** for failure to file on the proper court-approved form and allow Petitioner thirty (30) days to file a first amended complaint in compliance with discussion above;

3. If Petitioner fails to file an amended complaint within 30 days, dismiss the action **with prejudice** due to Petitioner's willful noncompliance with Court directives.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil

1  Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to
2  the objections. If any objections are filed, this action should be designated case number: **CV**
3  **10-317-TUC-DCB**.  Failure to timely file objections to any factual or legal determination of
4  the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration
5  of the issues.  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en*
6  *banc*).

DATED this 15th day of April, 2011.

Jacqueline Marshall
United States Magistrate Judge